IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Morgan Morrow,<br><br>Plaintiff,<br><br>v.<br><br>Benjamin R. Neto, Individually, BRXP & Maria D. Rosendo, Individually,<br><br>Defendants. | CIVIL ACTION NO.: 2:23-cv-5180-BHH<br><br>**COMPLAINT**<br>(Jury Trial Demanded)<br><br>(Negligence; Negligent Entrustment; Negligent Hiring, Supervision, Retention, and Training) |

Morgan Morrow ("Plaintiff"), by and through the undersigned attorneys and complaining of the above-named Defendants, would allege and show unto this Honorable Court the following:

**PARTIES, JURISDICTION AND VENUE**

1. A motor vehicle collision which caused serious injuries and significant damages to Plaintiff occurred on or about July 26, 2021 in Charleston, South Carolina, located within Berkeley County, South Carolina.

2. At the time of the motor vehicle collision, Plaintiff was a citizen and resident of Dorchester County, South Carolina.

3. At the time of the motor vehicle collision, Defendant Benjamin R. Neto ("Neto") was, upon information and belief, a citizen and resident of the State of Texas.

4. At all times relevant hereto, Neto was, upon information and belief, a motor carrier driver pursuant to 49 C.F.R. Part 392.3 and 49 C.F.R. Part 395.1 and 49 C.F.R. 395.8.

5. At the time of the motor vehicle collision, Defendant BRXP ("BRXP") was, upon information and belief, an interstate freight carrier with its principal place of business in the State of Texas.

1

6.      At all times relevant hereto, BRXP engaged in interstate commerce, and regularly and systematically conducted affairs and business activities in the State of South Carolina and, more particularly, Berkeley County.

7.      At the time of the motor vehicle collision, Defendant Maria D. Rosendo ("Rosendo") was, upon information and belief, a citizen and resident of the State of Texas.

8.      Pursuant to 28 U.S.C. § 1332, this Court has jurisdiction based on complete diversity of citizenship of the parties and because the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

9.      In accordance with 28 U.S.C. § 1391 and Local Civil Rule 3.01(A)(1), venue is proper in the Charleston Division of the District of South Carolina, as the alleged acts or omissions occurred in Berkeley County, State of South Carolina.

**FOR A FIRST CAUSE OF ACTION**
(Negligence/Gross Negligence as to Neto)

10.     Plaintiff re-alleges and incorporates by reference the allegations of the preceding paragraphs as if fully set forth herein verbatim.

11.     At all times relevant hereto, Neto was an employee, agent, and legal representative of BRXP and acting in the ordinary course and scope of his employment.

12.     BRXP and/or Rosendo controlled the actions of Neto on July 26, 2021 and therefore are responsible for his actions and inactions on July 26, 2021.

13.     On or about July 26, 2021, at approximately 4:52 p.m., Plaintiff was a restrained driver traveling south on Clements Ferry Road in Charleston, South Carolina.

14.     At or about the same time, Neto, while operating a commercial motor vehicle in the ordinary course and scope of his employment with BRXP, was also traveling south on Clements Ferry Road in Charleston, South Carolina, some distance behind Plaintiff's vehicle.

15. At all times relevant hereto, Rosendo owned the commercial motor vehicle being operated by Neto and BRXP.

16. At all times relevant hereto, Neto and BRXP were responsible for maintaining the commercial motor vehicle owned by Rosendo.

17. As Plaintiff lawfully slowed for traffic, Neto, while traveling too fast for conditions, failed to appreciate the changing traffic conditions ahead and violently collided with the vehicle directly in front of his ("Unit 2").

18. As a result of the force of the impact, Unit 2 then violently collided with the rear of Plaintiff's vehicle.

19. Plaintiff was acting in a reasonably prudent and careful manner at all times pertinent hereto.

20. The collision occurred through no fault of Plaintiff.

21. As a result of the collision, Plaintiff suffered substantial body trauma, blunt forces trauma, as well as injuries to his lumbar and cervical spine, among others.

22. The collision, injuries, and damages described in this Complaint were the direct, foreseeable, and proximate result of the negligent and careless, and willful, wanton, reckless, and grossly negligent acts or omissions of Neto, while acting in the ordinary course and scope of his employment, agency, and representation of BRXP, in the following particulars to wit:

   a. Failing to control his speed in order to do everything necessary to avoid colliding with another vehicle, in violation of S.C. Code Ann. § 56-5-1520(a);

   b. Failing to reduce the speed of the commercial motor vehicle while approaching another vehicle;

   c. Following another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicles and the traffic upon and the condition of the highway, in violation of S.C. Code Ann. § 56-5-1930;

    d. Failing to keep a proper lookout;

    e. Failing to identify and avoid a motor vehicle in the roadway during broad daylight;

    f. Failing to use brakes and steer inputs to avoid a motor vehicle in the roadway during broad daylight;

    g. Operating an unsafe commercial motor vehicle, in violation of the FMCSR and S.C. Code Ann. §§ 56-5-4410 and 56-5-5310;

    h. Recklessly operating a motor vehicle in such a manner as to indicate a willful or wanton disregard for the safety of persons and property, in violation of S.C. Code Ann. § 56-5-2920;

    i. Failing to operate a commercial vehicle in the manner required by the FMCSR;

    j. Failing to operate a commercial vehicle in the manner required by the FMCSR, as adopted by S.C. Code Ann. § 56-1-2005;

    k. Failing to operate a commercial motor vehicle in the manner required by the professional standards established by the State of South Carolina;

    l. Failing to perform pre- and post-trip inspections;

    m. Operating a commercial motor vehicle while ill or fatigued, in violation the FMCSR and state law;

    n. Failing to use the degree of care and caution that a reasonable person would have used under the circumstances then and there prevailing; and

    o. In such other and further particulars as the evidence at trial may show.

All of which acts and omissions, or both, were the actual, direct, and proximate cause of the damages and injuries claimed herein.

23.    As a direct, foreseeable, and proximate result of the negligent, grossly negligent, reckless, willful, and wanton acts and omissions of Neto, Plaintiff suffered physical pain and suffering, mental anguish, emotional distress, impairment of health and bodily efficiency, loss of enjoyment of life, substantial past and future medical expenses, and other damages.

24. Due to the willful, wanton, reckless, grossly negligent, and negligent acts of Neto as set out above, as well as his violation of state law, Plaintiff is entitled to recover actual and punitive damages, jointly and severally, as determined by a jury.

## FOR A SECOND CAUSE OF ACTION
(Negligent Entrustment as to BRXP)

25. Plaintiff re-alleges and incorporates by reference the above paragraphs as if fully set forth herein verbatim.

26. BRXP knew or should have known that Neto was unfit, untrained, and incapable of operating a commercial motor vehicle in the manner required by the FMCSR and state law.

27. BRXP knew or should have known that Neto's condition, inexperience, and lack of training was evidence that he was incapable of complying with the FMCSR and state law and was therefore a reckless driver.

28. BRXP entrusted a commercial motor vehicle, an inherently dangerous instrumentality, to Neto despite knowing that he lacked proper training and experience.

29. BRXP created an appreciable risk of harm to others, including Plaintiff, by entrusting a commercial motor vehicle to Neto.

30. As a direct, foreseeable, and proximate result of the negligent, grossly negligent, reckless, willful, and wanton acts and omissions of BRXP and Neto, Plaintiff suffered physical pain and suffering, mental anguish, emotional distress, impairment of health and bodily efficiency, loss of enjoyment of life, substantial past and future medical expenses, and other damages.

31. Due to the willful, wanton, reckless, grossly negligent, and negligent acts of BRXP and Neto as set out above, Plaintiff is entitled to recover actual and punitive damages, jointly and severally, as determined by a jury.

## FOR A THIRD CAUSE OF ACTION
(Negligent Entrustment as to Rosendo)

32. Plaintiff re-alleges and incorporates by reference the above paragraphs as if fully set forth herein verbatim.

33. Rosendo knew or should have known that Neto was unfit, untrained, and incapable of operating a commercial motor vehicle in the manner required by the FMCSR and state law.

34. Rosendo knew or should have known that Neto's condition, inexperience, and lack of training was evidence that he was incapable of complying with the FMCSR and state law and was therefore a reckless driver.

35. Rosendo entrusted a commercial motor vehicle, an inherently dangerous instrumentality, to Neto despite knowing that he lacked proper training and experience.

36. Rosendo created an appreciable risk of harm to others, including Plaintiff, by entrusting a commercial motor vehicle to Neto.

37. As a direct, foreseeable, and proximate result of the negligent, grossly negligent, reckless, willful, and wanton acts and omissions of Rosendo and Neto, Plaintiff suffered physical pain and suffering, mental anguish, emotional distress, impairment of health and bodily efficiency, loss of enjoyment of life, substantial past and future medical expenses, and other damages.

38. Due to the willful, wanton, reckless, grossly negligent, and negligent acts of Rosendo and Neto as set out above, Plaintiff is entitled to recover actual and punitive damages, jointly and severally, as determined by a jury.

## FOR A FOURTH CAUSE OF ACTION
(Negligent Hiring, Supervision, Retention, and Training as to BRXP)

39. Plaintiff re-alleges and incorporates by reference the above paragraphs as if fully set forth herein verbatim.

40. BRXP owed statutory and common law duties to Plaintiff not to negligently hire, supervise, train or retain commercial truck drivers incapable of complying with all provisions of the FMCSR and state law.

41. BRXP failed to properly review, interview, or interact with Neto prior to hiring Neto as a commercial truck driver.

42. BRXP failed to comply with the FMCSR and state law prior to utilizing Neto as a commercial truck driver.

43. BRXP knew or should have known that Neto lacked the proper training, experience, and ability to comply with all provisions of the FMCSR and state law.

44. BRXP knew or should have known that Neto's inexperience, lack of training, and inability to comply with the FMCSR and state law was evidence that he was unable to comply with federal law and state law and was, therefore, a reckless driver.

45. The collision, injuries, and damages described in this Complaint were the direct, foreseeable, and proximate result of the negligent and careless, and willful, wanton, reckless, and grossly negligent acts or omissions of BRXP in the following particulars to wit:

    a. Failing to have in place policies and procedures to train and/or monitor its truck drivers, or if in place, failing to enforce them;

    b. Failing to have in place policies and procedures to mandate compliance by its drivers with the FMCSR and state laws or regulations or, if in place, failing to enforce them;

    c. Failing to have in place an adequate safety program for the safety and protection of the motoring public, or if in place, failing to implement it;

    d. Failing to comply with the FMCSR and state laws when utilizing Neto as a commercial truck driver;

    e. Failing to properly review, interview, or interact with Neto prior to hiring Neto as a commercial truck driver;

    f. Failing to properly investigate Neto's compliance with the FMCSR and state law, or Neto's ability to drive to ensure that he possessed the requisite certification, skill and attention necessary to operate a commercial motor vehicle;

    g. Failing to properly train Neto to inspect, maintain, or repair a commercial motor vehicle as required by the FMCSR and state laws;

    h. Failing to properly train Neto to operate a commercial motor vehicle in a safe and effective manner;

    i. Failing to ensure Neto had sufficient, adequate, and current training, credentials, and skills to properly operate a commercial motor vehicle;

    j. Entrusting a motor vehicle to Neto despite knowing that he did not have a valid medical certificate and was therefore a reckless driver;

    k. Allowing Neto to continue operating a commercial motor vehicle without the most basic training in violation of the FMCSR and state law;

    l. Allowing Neto to continue operating a commercial motor vehicle with insufficient and unsafe brakes;

    m. Retaining Neto as a commercial truck driver when BRXP knew or should have known that Neto was not qualified nor had the requisite skill to drive a commercial motor vehicle;

    n. Failing to use the degree of care and caution that a reasonable person would have used under the circumstances then and there prevailing; and

    o. In such other and further particulars as the evidence at trial may show.

All of which acts and omissions, or both, were the actual, direct, and proximate cause of the damages and injuries claimed herein.

46. As a direct, foreseeable, and proximate result of the negligent, grossly negligent, reckless, willful, and wanton acts and omissions of BRXP and Neto, Plaintiff suffered physical pain and suffering, mental anguish, emotional distress, impairment of health and bodily efficiency, loss of enjoyment of life, substantial past and future medical expenses, and other damages.

47. Due to the willful, wanton, reckless, grossly negligent, and negligent acts of BRXP and Neto as set out above, Plaintiff is entitled to recover actual and punitive damages, jointly and severally, as determined by a jury.

48. Plaintiff demands a jury trial.

WHEREFORE, Plaintiff prays for the following:

i. Judgment against Defendants for actual and punitive damages in an amount to be determined by the jury;

ii. For the costs of this action; and

iii. For such other and further relief as this court deems just and proper.

                **PIERCE, SLOAN, KENNEDY & EARLY, LLC**
                321 East Bay Street
                Post Office Box 22437
                Charleston, SC 29401
                (843) 722-7733

                *s/ J. Morgan Forrester*
                Allan P. Sloan, III (Fed. I.D. 6268)
                J. Morgan Forrester (Fed. I.D. 12126)
                Richard R. Gergel (Fed. I.D. 13170)
                Edward J. McAlpine, III (Fed. I.D. 13532)
                chipsloan@piercesloan.com
                morganforrester@piercesloan.com
                richardgergel@piercesloan.com
                treymcalpine@piercesloan.com

                *Attorneys for Plaintiff*

October 17, 2023
Charleston, South Carolina